2012 Ark. App. 126

**Eric James ELLIOTT, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 11–880.**

Court of Appeals of Arkansas.

Feb. 8, 2012.

Rehearing Denied March 14, 2012.

Johnson D. Ogles, Jacksonville, for appellant.

Dustin McDaniel, Atty. Gen., Leaann J. Irvin, Little Rock, for appellee.

DAVID M. GLOVER, Judge.

Eric Elliott was convicted by a Lonoke County jury of two offenses, sexual assault in the second degree (sentenced to twenty years in prison and fined $15,000) and sexual indecency with a child (sentenced to six years in prison and fined $10,000). The sentences were ordered to be served consecutively. On appeal, Elliott argues that the trial court erred in allowing the State to introduce evidence of uncharged conduct; that a mistrial should have been declared because of the introduction of this evidence; and that a continuance should have been granted to allow Elliott's counsel to review information given to him the day before trial. We affirm Elliott's convictions.

The victims in this case are Elliott's former stepdaughters. In the affidavit for arrest, the supporting facts were that Elliott had touched his older stepdaughter M.L.'s private areas (breasts and vagina) through her bikini, asked her if she was ready for sex, and began "clawing her"; and that on another occasion, M.L. and her younger sister, H.L., saw Elliott lying face up on the couch one morning, totally naked, smiling, and pretending to be asleep. Elliott does not challenge the sufficiency of the evidence to support the jury's verdicts; in fact, he admits in his brief that he "recognizes that the evidence presented on the two crimes with which he was actually charged may have been sufficient to support the convictions, although he maintains his innocence and contends the children's testimony was contrived and coached by his ex-spouse in an effort to get back at him in their acrimonious divorce case." Therefore, it is only necessary to summarize the testimony that Elliott contends was erroneously admitted.

### Uncharged Conduct

During M.L.'s testimony, Elliott objected to her statement that on the day he was alleged to have sexually assaulted her by grabbing her breasts and vagina, he also took out his penis and "tried to put it up [her] butt." Elliott's basis for the objection was that none of that information was disclosed in discovery; the State responded that it had just been informed by M.L. about the incident. When M.L. testified that she was afraid to tell anyone about the incident because Elliott had been abusive to her mother, Elliott objected on the basis of speculation and "getting far afield of what the charges are." When M.L. testified that he had told her to "flash" the guys living across the street and had lifted up M.L.'s shirt, exposing her breasts, Elliott objected again. The basis for that objection was that the testimony was not related to the criminal charges.

During the testimony of H.L., Elliott objected when she testified that he would touch her on the leg when they were in the car alone and would move his hand up her

leg, which would make her uncomfortable, arguing that the testimony was not relevant to the criminal charges. Elliott made the same relevancy objection when H.L. testified that Elliott would throw ice water on her while she was in the shower.

On appeal, Elliott now argues that all of this evidence should not have been allowed in accordance with Rule 404(b) of the Arkansas Rules of Evidence. Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

This argument is not preserved for appellate review. Although Elliott's objections in the trial court were generally based upon relevancy, none of the objections to the evidence were specifically based on Rule 404(b) as he now argues. It is well settled that a party cannot change his argument on appeal. *Childress v. State,* 322 Ark. 127, 907 S.W.2d 718 (1995). Because Elliott did not make a 404(b) argument below,[1] it is not preserved for appellate review.

Even if the argument were preserved for appellate review, we would still affirm on the basis of the pedophile exception to Rule 404(b), which was discussed by our supreme court in *Bell v. State,* 371 Ark. 375, 385, 266 S.W.3d 696, 704–05 (2007):

> Evidence of other crimes, wrongs, or acts is generally not admissible to prove the character of a person in order to show that he acted in conformity with

that character trait. Ark. R. Evid. 404(b). Our court has articulated a pedophile exception to this rule. *See Clark v. State,* 323 Ark. 211, 913 S.W.2d 297 (1996). Certain evidence that would otherwise be inadmissible under Rule 404(b) is nonetheless admissible in child abuse and incest cases. *Id.* Evidence is admissible pursuant to the pedophile exception to show "similar acts with the same child or other children in the same household when it is helpful in showing a 'proclivity toward a specific act with a person or class or persons with whom the accused has an intimate relationship.'" *Id.* at 215, 913 S.W.2d at 299. We have noted that the pedophile exception extends to evidence of other sexual acts by the accused with the victim or another child in the same household. *Id.* Such evidence is admitted to assist in proving the depraved sexual instinct of the accused. *Id.*

With the exception of M.L.'s testimony about being afraid to tell anyone about Elliott's sexual advances because Elliott had been abusive toward her mother, which does not fall under the pedophile exception, all of the other evidence of which Elliott complains fits squarely within the pedophile exception—other sexual acts with M.L. or her sister, H.L., who both were living with Elliott at the time the conduct occurred. While Elliott complains at length about how the pedophile exception is unfair, is the "kiss of death," and is a flat denial of a fair trial for a person accused of sexual misconduct with a child, the supreme court has set forth this exception, and our court is required to follow that precedent.

### Mistrial

Elliott argues that the trial court erred in not declaring a mistrial due to the

---

1. Prior to trial, Elliott did file a written motion to suppress 404(b) evidence, but that motion did not concern any of the evidence to which Elliott is now objecting.

introduction of the above evidence. A mistrial is a drastic remedy that should only be granted when justice cannot be served by continuing the trial or when the error cannot be cured by an instruction or admonishment. *Taylor v. State*, 2010 Ark. 372, 372 S.W.3d 769. The decision to grant or deny a motion for mistrial is within the sound discretion of the trial court and will not be overturned absent a showing of abuse or manifest prejudice to the appellant. *Williams v. State*, 2010 Ark. 89, 377 S.W.3d 168. This argument is moot in light of our holding above.

### Continuance

Elliott also contends that the trial court erred in refusing to grant him a continuance. A motion for continuance is addressed to the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of that discretion. *Brown v. State*, 374 Ark. 341, 288 S.W.3d 226 (2008) (citing *Stenhouse v. State*, 362 Ark. 480, 209 S.W.3d 352 (2005)). The appellant bears the burden of establishing an abuse of discretion—he must not only demonstrate that the trial court abused its discretion in denying the motion for continuance, but he must also show prejudice that amounts to a denial of justice. *Id.*

Here, the State gave Elliott approximately thirty pages of previously undisclosed information the day before trial. On the day of trial, Elliott moved for a continuance so that he could review that information; he also moved for a continuance on the basis that the State Police were unable to find a tape that could contain exculpatory information, which he would like to attempt to find and review for such information. The State responded that it sent the information as soon as it came into possession of its file and as for the tape, that it sent over the contents of

the tape and notes therefrom as soon as they were received and that there was no exculpatory information on the tape. The trial court inquired of Elliott's counsel if there was anyone he needed to have subpoenaed for trial based upon his reading of the information he had received, to which counsel replied, "No, not at all. I'd like to have listened to the tape." The trial court denied Elliott's motion for a continuance.

We find no abuse of discretion in the trial court's denial of the motion for continuance. The trial court asked Elliott's counsel if there were any witnesses he needed to subpoena in light of the information he received the day before trial, and the answer was "no." Elliott has failed to show that he was prejudiced in any manner, especially in such a manner that amounted to a denial of justice.

### Disparate Rulings

Elliott complains that he was not allowed to introduce various cards and drawings given to him by M.L. and H.L. on different occasions because they had not been disclosed to the State through discovery. He contends that, in effect, the two discovery rulings were in conflict—that it is permissible for the State to be late in providing discovery (documents disclosed the day before trial) and there is no prejudice to the defendant, but that if the defendant is late in providing discovery (the cards and drawings) then the State is prejudiced. He asserts that these inconsistent rulings allow the State to conduct "trial by ambush." We disagree. Elliott was allowed to testify regarding the cards and his relationships with M.L. and H.L. Furthermore, the prosecutor stated that the information it provided to Elliott the day before trial had just come into its file and was given to his counsel as soon as it was received, whereas there was no infor-

mation about when the cards came into the possession of Elliott's counsel, and they had never been provided prior to trial.

### *Ark. R.Crim. P. 17.3*

Elliott also makes a passing argument that the State violated Rule 17.3 of the Arkansas Rules of Criminal Procedure by making no effort to obtain or preserve the tape that was later unable to be found; however, this argument was never made below and will not be addressed now on appeal.

Affirmed.

PITTMAN and ROBBINS, JJ., agree.